**RECORD NO. 13-7841**

In The
# United States Court Of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**WESLEY DEVON FOOTE,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO**

———————

**BRIEF OF APPELLANT**

———————

**J. Clark Fischer**
RANDOLPH & FISCHER
**407 Summit Street
Winston-Salem, NC  27101
(336) 724-3513**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA  23219
804-249-7770 ♦ www.gibsonmoore.net

**TABLE OF CONTENTS**

**PAGE:**

TABLE OF CASES AND AUTHORITIES..................................ii

STATEMENT OF APPELLATE JURISDICTION..............................1

STATEMENT OF ISSUE PRESENTED.....................................1

STATEMENT OF THE CASE............................................1

STATEMENT OF FACTS...............................................4

SUMMARY OF ARGUMENT..............................................4

ARGUMENT.........................................................4

    I.    THE MANY ADDITIONAL YEARS DEFENDANT WILL HAVE TO SERVE BASED ON THE ACKNOWLEDGED SIMMONS ERROR IN HIS CAREER OFFENDER DESIGNATION CREATES A CLEAR MISCARRIAGE OF JUSTICE AUTHORIZING RELIEF UNDER 18 USC SECTION 2255 ........................................4

        A.    Applicable Standard of Review...................4

        B.    THE DISTRICT COURT'S RULING DENYING DEFENDANT'S CLAIM RESTS ON AN UNDULY RESTRICTIVE INTERPRETATION OF SECTION 2255 AND IGNORED THE CLEAR INJUSTICE NOW BEFORE THIS COURT........................................5

CONCLUSION......................................................13

REQUEST FOR ORAL ARGUMENT.......................................14

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

**TABLE OF CASES AND AUTHORITIES**

                                              **PAGE(S):**

**CASES:**

Auman v. United States,
    67 F.3d 157 (8th Cir. 1995)...............................8

Begay v. United States,
    553 U.S. 137, 128 S. Ct. 1581 (2008)......................9

Chambers v. United States,
    555 U.S. 122, 129 S. Ct. 687 (2009).......................9

Davis v. United States,
    417 U.S. 333, 94 S. Ct. 2298,
    41 L. Ed. 2d. 109 (1974)...........................5, 8, 11

Gall v. United States,
    552 U.S. 38, 128 S. Ct. 586,
    169 L. Ed. 2d 445 (2007)..............................12-13

Hawkins v. United States,
    706 F.3d 820 (2013)..................................11, 12

Hill v. United States,
    368 U.S. 424 (1962).......................................5

Kimbrough v. United States,
    552 U.S. 85 (2007).....................................1, 6

Knight v. United States,
    37 F.3d 769 (1st Cir. 1994)...............................8

Miller v. United States,
    __ F.3d __ (13-6254, 8-21-13)............................7

Narvaez v. United States,
    674 F.3d 621 (7th Cir. 2011).....................9, 10, 11

Peugh v. United States,
    ___ U.S. ___, 133 S. Ct. 2072,
    186 L. Ed. 2d 84 (2013).............................12, 13

Scott v. United States,
    997 F.2d 340 (7th Cir. 1993)..............................8

Spencer v. United States,
    727 F.3d 1076 (11th Cir. 8-15-2013)....................11, 13

United States v. Harp,
    406 F.3d 242 (4th Cir. 2005)................................6

United States v. Hatcher,
    560 F.2d 222 (4th Cir. 2009)................................4

United States v. Mikalajunas,
    186 F.3d 490 (1999).....................................8, 13

United States v. Pregent,
    190 F.3d 279 (1999).......................................7, 8

United States v. Segler,
    37 F.3d 1131 (5th Cir. 1994)................................8

United States v. Simmons,
    639 F.3d 237 (4th Cir. 2011)..........................passim

**STATUTES:**

18 U.S.C. § 2253..............................................1

18 U.S.C. § 3582(c)...........................................2

18 U.S.C. § 3583(3)...........................................7

28 U.S.C. § 2255........................................passim

**SENTENCING GUIDELINE:**

USSG § 4B1.1..........................................2, 3, 10

**OTHER AUTHORITIES:**

News Release, U.S. Sentencing Commission, Sentencing
Commission Issues Comprehensive Report on the Continuing
Impact of United States v. Booker on Federal Sentencing
(Jan. 30, 2013).......................................11, 12, 13

**STATEMENT OF APPELLATE JURISDICTION**

This appeal is taken from a final Judgment of the District Court dismissing Defendant's 2255 petition. The Judgment contained a certificate of appealability pursuant to 18 U.S.C. sec. 2253.

**STATEMENT OF ISSUE PRESENTED**

**WHETHER THE MANY ADDITIONAL YEARS DEFENDANT WILL HAVE TO SERVE BASED ON THE ACKNOWLEDGED SIMMONS ERROR IN HIS CAREER OFFENDER DESIGNATION CREATES A CLEAR MISCARRIAGE OF JUSTICE AUTHORIZING RELIEF UNDER 18 U.S.C. SECTION 2255?**

**STATEMENT OF THE CASE**

On July 13th, 2006, Defendant entered guilty plea to three counts of distribution of crack cocaine. (JA. 5) Defendant received a sentence of 262 months imprisonment based on the Court's determination that Defendant qualified as a career offender.(JA. 20, 66) Amended Judgment imposing the same sentence was issued November 13th, 2009, following remand from the United States Supreme Court based on Kimbrough v. United States, 552 U.S. 85 (2007). Id. That judgment was affirmed by this Court on October 6th, 2010. Id.

Defendant timely filed the present 2255 motion January 12th, 2011, alleging, among other things, that his sentence as a career offender was invalid,(JA. 25, 66) On August 3rd, 2012, Defendant filed amendment to his 2255 petition specifically citing United States v. Simmons, 639 F.3d 237 (4th Cir. 2011), in

1

support of his contention that his career offender determination was based on a predicate offense that was not a qualifying offense.(JA 53).

On September 24th, 2013, Magistrate Judge Joi Elizabeth Peake issued Memorandum Opinion and Recommendations which may be summarized, in pertinent part, as follows:

1) Defendant's 262 month sentence was based on his alleged status as a career offender under USSG sec. 4B1.1. As a career offender, Defendant's Guideline sentencing range was 262-327 months imprisonment.(JA 66)

2) Absent career offender status, Defendant's Guideline range would have been significantly lower, i.e. 151-188 months imprisonment. Id. Indeed, without the career offender enhancement, Defendant would have been eligible for a sentence reduction under 18 U.S.C. sec. 3582(c), based on retroactive Guidelines amendments, which could have resulted in a Guideline sentencing range of 120 months or less. (JA 82)

3) Defendant's career offender designation was based on his August 21st, 1995, Superior Court of conviction for possession of cocaine with intent to sell, a Class H felony.(JA. 71) Under North Carolina's Structured Sentencing Act, Defendant could not have received a sentence in excess of one year for this offense. Therefore, under Simmons, Defendant could not be classified as a career offender. (JA. 72-3)

2

4) Despite the acknowledged Simmons error, the Magistrate concluded that Defendant's claim was not cognizable in a 2255 proceeding and recommended that the petition be dismissed.(JA. 83) In recommending that the District Court grant a certificate of appealability, the Magistrate noted that

> This Court's conclusion is not without doubt, in light of the authority noted above and the circumstances presented. Specifically, the Court notes that this is a case where Petitioner challenged his career offender designation at sentencing and on appeal, only to lose to clear and binding circuit precedent. The career offender enhancement greatly enhanced the advisory Guideline range that applied to his case. Petitioner now challenges the enhancement based on Simmons, which is a retroactive change in case law decided after Petitioner's direct appeal, and although the Government opposes relief in this case, the Government conceded that if Simmons applies, Petitioner is not a career offender and should not have been subject to the enhancement.(JA. 82)

5) The District Court entered Judgment adopting the Magistrate's Recommendation November 7th, 2013, and granted a certificate of appealability on the specific issue

> of whether Petitioner, who was sentenced as a career offender under U.S. Sentencing Guideline § 4B1.1, but who in fact was not a career offender in light of Simmons v. United States, can assert a cognizable claim under 28 U.S.C. § 2255, seeking to challenge a sentence that was below the statutory maximum that would still apply.(JA. 85-6)

6) Defendant gave timely Notice of Appeal on November 13th, 2013.(JA. 87)

3

**STATEMENT OF FACTS**

Since the issue before the Court is exclusively a question of law, no factual recitation is necessary for disposition of the instant appeal.

**SUMMARY OF ARGUMENT**

It is undisputed that Defendant's sentence was many years longer than it would have been had he not been sentenced as a career offender in violation of the retroactively-applicable rule of United State v. Simmons, 649 F.3d 237 (4th Cir. 2011). While there is a split of authority on the issue, 18 U.S.C. sec. 2255 should be applied in cases like Defendant's to allow relief for petitioners who have consistently challenged a sentence that all parties recognize is in violation of applicable law.

**ARGUMENT**

**I. THE LENGHTY ADDITIONAL SENTENCE DEFENDANT WILL HAVE TO SERVE BASED ON THE ACKNOWLEDGED SIMMONS ERROR IN HIS CAREER OFFENDER DESIGNATION CREATES A CLEAR MISCARRIAGE OF JUSTICE AUTHORIZING RELIEF UNDER 18 USC SECTION 2255**

   **A.   APPLICABLE STANDARD OF REVIEW.**

Since the instant appeal involves purely a question of law, appellate review is conducted on a de novo basis. See generally, United States v. Hatcher, 560 F.2d. 222 (4th Cir. 2009)

**B.   THE DISTRICT COURT'S RULING DENYING DEFENDANT'S CLAIM RESTS ON AN UNDULY RESTRICTIVE INTERPRETATION OF SECTION 2255 AND IGNORED THE CLEAR INJUSTICE NOW BEFORE THIS COURT**

The seminal case addressing the scope of 18 U.S.C. sec. 2255 proceedings is the decision of the Supreme Court in Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d. 109(1974). That opinion is particularly noteworthy because it specifically addressed the question now presented, i.e. "the extent to which relief under 28 U.S.C. sec. 2255 is available by reason of an intervening change in law . . ." Davis, supra, at 341. The Davis court quickly rejected the Government's assertion that 2255 actions were limited to instances of strictly Constitutional error, noting that "the Government's position finds scant support in the text of sec. 2255, which permits a federal prisoner to assert a claim that his confinement is 'in violation of the Constitution **or laws** of the United States." Id, at 343(emphasis in original text) Citing its own prior rulings, the Supreme Court in Davis reaffirmed the commonsense principle that

> . . . the appropriate inquiry was whether the claimed error of law was "a fundamental defect which inherently results in a complete miscarriage of justice," and whether "[i]t . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346(quoting Hill v. United States, 368 U.S. 424, 429 (1962)

5

Defendant respectfully submits that the vastly increased sentence caused by the District Court's improper determination that he was a career offender satisfies any reasonable definition of "miscarriage of justice," and exemplifies the sort of "exceptional circumstance" authorizing relief under section 2255.

It is rare for a case to have so many legal and factual aspects that are undisputed by either side. Besides the acknowledged impact of Defendant's career offender status, Defendant would note the following salient points:

1) Defendant's trial counsel challenged his career offender status at his initial sentencing hearing, even though precedent was against him under the then-prevailing precedent of United States v. Harp, 406 F.3d 242(4th Cir. 2005).(JA 70, 72)

2) Defendant also raised the career offender issue on his first direct appeal, though the issue was decided against him..(JA 70)

3) Defendant's remand was solely based on the limited issue raised by Kimbrough v. United States, 552 U.S. 85 (2007), i.e., whether the crack-powder sentencing disparity should be considered as a sentencing factor.(JA 68) As the Magistrate noted, due to "the limited scope of the remand, counsel had no

6

>opportunity to challenge the career offender designation at the resentencing."(JA 70)
>
>4) While Defendant's 2255 was pending, this Court decided Miller v. United States, __ F.3d __(13-6254, 8-21-13), definitively holding that Simmons announced a new substantive rule retroactively applicable on collateral review.(JA 73-4)

There being no issue of procedural default and there being no denying that Defendant's career offender designation was erroneously based on the sort of legal fiction that Carchuri-Rosendo and Simmons condemned, the narrow issue before the Court is whether this undeniable wrong will have a remedy?

In ruling against Defendant, the District Court concluded that error resulting from Guidelines error could not be raised in a 2255 proceeding.(JA 85) In reaching this conclusion the Magistrate(and the District Court by following the Magistrate's recommendation), relied largely on the decision of this Court in United States v. Pregent, 190 F.3d 279 (1999). Defendant respectfully submits that the lower Court's reliance on Pregent was misplaced for several reasons. Initially, Defendant would note that Pregent largely dealt with the discretion of the District to terminate supervised under 18 U.S.C. sec. 3583(3) rather than an erroneous career offender determination, and thus the factual setting of the case was quite different.

7

The language in *Pregent* upon which the Magistrate and District Court relied was the following paragraph:

> Even construed under 28 U.S.C.A. § 2255, however, Pregent's motion must fail. Pregent asserts that the sentencing court erred when it miscalculated his sentence under the Sentencing Guidelines. Barring extraordinary circumstances, however, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which "the sentence was in excess of the maximum authorized by law." Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines. See United States v. Mikalajunas, 1999 WL 515420, at 5 (4th Cir. 1999) ("[M]isapplication of the[sentencing] guidelines typically does not constitute a miscarriage of justice."); see also Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995) (holding absent a "miscarriage of justice," ordinary questions of Guidelines interpretation are not cognizable on collateral review); Scott v. United States, 997 F.2d 340, 341 (7th Cir. 1993) ("A claim that the judge misapplied the Sentencing Guidelines does not challenge the jurisdiction of the court or assert that the judge exceeded the statutory maximum."); Knight v. United States, 37 F.3d 769, 773-74 (1st Cir. 1994) (holding that misapplication of Sentencing Guidelines is generally not a proper claim under § 2255); United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255."). Id. at 283-4

Considered in its totality, however, *Pregent* provides no compelling precedent for denying relief to Defendant, but merely reiterates the *Davis* principle that Section 2255 exists to vest Courts with the power to rectify miscarriages of justice. What the lower Court failed to properly appreciate was that the present case involves much more than a technical Guidelines

8

error, but, considering the vastly-increased sentencer resulting from the improper career offender designation, constituted a "miscarriage of justice" by any commonsense definition.

The opinion of the Seventh Circuit in Narvaez v. United States, 674 F.3d 621 (7th Cir. 2011) is almost directly on point and furnishes persuasive authority for granting Defendant's 2255 petition. There Narvaez pleaded guilty to bank robbery as a career offender, a factor which increased his Guideline sentencing range from 100-125 months to 151-188 months. The District Court sentenced Defendant to 170 months which was a middle of the Guidelines sentence. Subsequently, the United States Supreme Court issued opinions which resulted in his predicate convictions no longer qualifying him for career offender status. See, e.g., Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581 (2008) and Chambers v. United States, 555 U.S. 122, 129 S. Ct. 687 (2009). There, as here, Narvaez filed a timely 2255 petition challenging his sentence which, as a result of the change in law stemming from the subsequent Supreme Court decisions, was erroneously elevated solely due to the career offender characterization.

While noting the general rule that sentencing errors are not generally cognizable on collateral review, the Seventh Circuit concluded that Narvaez's case presented "a special and very narrow exception: A postconviction clarification in the law

9

has rendered the sentencing court's decision unlawful." Id. at 627. The Court expressly rejected the Government's argument that the defendant's sentence was not unlawful because, though improperly elevated, it still fell within the pertinent statutory maximum.

> We cannot accept this argument. The fact that Mr. Narvaez's sentence falls below the applicable statutory-maximum sentence is not alone determinative of whether a miscarriage of justice has occurred. The imposition of the career offender status branded Mr. Narvaez as a malefactor deserving of far greater punishment than that usually meted out for an otherwise similarly situated individual who had committed the same offense. It created a legal presumption that he was to be treated differently from other offenders because he belonged in a special category reserved for the violent and incorrigible. **No amount of evidence in mitigation or extenuation could erase that branding or its effect on his sentence. His designation as a career offender simply took as unchallenged a premise that was not true and gave him no way of avoiding the consequences of that designation. The sentencing court's misapplication of the then *mandatory* § 4B1.1 career offender categorization in Mr. Narvaez's case was the lodestar to its guidelines calculation.** It placed him in a very special status for the calculation of his final sentence solely because the court ruled that he was a career offender and that the corresponding guidelines required such a status. Speculation that the district court today might impose the same sentence is not enough to over-come the fact that, at the time of his initial sentencing, Mr. Narvaez was sentenced based upon the equivalent of a nonexistent offense. Id. at 629(emphasis added)

The above language reflects the basic truth that the Sentencing Guidelines are the key component of the sentencing equation. As in Narvaez, the District Court's determination that

10

Foote was a career offender was the primary ingredient in the sentencing decision and was based on a non-existent prior offense. Defendant respectfully submits that his case, involving even greater additional imprisonment than was imposed on Narvaez, represents an even clearer example of a miscarriage of justice.

Defendant is mindful that the Seventh Circuit subsequently decided Hawkins v. United States, 706 F.3d 820 (2013), where the majority concluded that an erroneous career offender determination could not be corrected on collateral review if the sentence imposed was within the statutory maximum. However, that conclusion, clearly inconsistent with Narvaez as noted by the dissenting opinion of Judge Rovner, was based on the notion that the Guidelines, post-Booker, were merely advisory. Defendant submits that this distinction is legally specious, and ignored the crucial impact of the Guidelines on the sentence ultimately imposed. Here, absent the incorrect career offender increase, there would have been no reasoned basis for sentencing Foote so far above the applicable Guideline range.

Defendant submits that the decision of the Eleventh Circuit in Spencer v. United States, 727 F.3d 1076 (11th Cir. 8-15-2013) represents a better reasoned-application of the Davis principle and gives appropriate weight to the inherent injustice of allowing an improper career offender sentence to stand,

11

regardless of whether the Guidelines were considered on either a mandatory or advisory basis. The underlying facts are striking similar to the case sub judice. There Spencer received a 151 month sentence as a career offender, a term of imprisonment that was twice what the Guidelines would have called for without application of the Career offender provisions. Like Foote, Spencer challenged one of his predicate convictions both at trial and on appeal. However, after his appeal was lost, subsequent caselaw conclusively determined that the predicate felony did not meet the career offender requirement and thus Spencer was not, in fact or law, a career offender. In granting relief, the Court recognized the key importance of the Federal Sentencing Guidelines and the reality that Guideline error resulting in a substantially increased sentence satisfies any reasonable definition of a miscarriage of justice.

> **But categorization as a career offender is not merely a formal requirement of a criminal procedural rule. The Guidelines are the heart of the substantive law of federal sentencing**. The Seventh Circuit may think that mistakenly categorizing a defendant as a career offender became not very serious once Booker made the Guidelines advisory, Hawkins, 706 F.3d at 824, but the Supreme Court told us in June (several months after the panel decision in *Hawkins* but before the Seventh Circuit denied en banc review) that that the Guidelines are still "the lode-stone of sentencing." Peugh v. United States, ___ U.S. ___, 133 S. Ct. 2072, 2084, 186 L. Ed. 2d 84 (2013). The Supreme Court requires that "`district courts *must* begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process.'" *Id.* at 2083 (quoting Gall v. United States, 552 U.S. 38, 50 n. 6,

12

> 128 S. Ct. 586, 596 n. 6, 169 L. Ed. 2d 445 (2007)). There would be no reason to require that exercise if they had no impact. In fact, as the Supreme Court observed in *Peugh*, the Sentencing Commission data show that four out of five sentences are within the Guidelines or prompted by a government motion under the Guidelines to depart for cooperation. 133 S. Ct. at 2084; see also News Release, U.S. Sentencing Commission, Sentencing Commission Issues Comprehensive Report on the Continuing Impact of United States v. Booker on Federal Sentencing (Jan. 30, 2013). **We cannot pretend that, because of Booker, career offender status no longer matters to sentence length**. Id. at 1087(emphasis added)

Defendant asks the Court to follow the eloquent opinion of the Spencer court, and recognize that the unique circumstances of the present case well justify collateral relief.

## CONCLUSION

There are legal arguments on both sides of the present issue. If finality is deemed the most important consideration, then Defendant loses. While finality is undeniably important, however, this interest pales when compared to the interest of both sides in simple justice. Defendant submits that the appropriate balance between these two competing policy considerations was aptly stated by Justice Murnaghan in his dissenting opinion in United States v. Mikalajunas, 186 F.3d 490, 497(1999), i.e., "I do not believe that the state's interest in finality outweighs even one year of a man's life."

**REQUEST FOR ORAL ARGUMENT**

Counsel for appellant hereby requests oral argument on the issue raised herein.

Respectfully submitted, this the 30th day of December, 2013.

/s/ J. Clark Fischer
J. Clark Fischer
**Randolph and Fischer**
407 Summit Street
Winston-Salem, NC 27101
336-724-3513
NCSB#9217
clarkf@randolphandfischer.com

*Counsel for Appellant*

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

**Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains 3,055 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a mono-spaced typeface using Microsoft Word in 12 point Courier New.

                                /s/ J. Clark Fischer
                                J. Clark Fischer

                                *Counsel for Appellant*

Dated: December 30, 2013

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on December 30, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

    Sandra Hairston
    OFFICE OF THE
       UNITED STATES ATTORNEY
    United States Courthouse
    101 South Edgeworth Street
    Greensboro, NC  27401

    *Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

                              /s/ Karen R. Taylor
                              Karen R. Taylor
                              GIBSON MOORE APPELLATE SERVICES, LLC
                              421 East Franklin Street, Suite 230
                              Richmond, VA  23219